Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Todd M. Swensen
Assistant United States Attorney
402 East Yakima Ave, Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:22-CR-2076-MKD-2 |
| Plaintiff, | Motion for Detention |
| v. | |
| TAHSHEENA SAM | |
| Defendant. | |

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility of Case</u>

This case is eligible for a detention order because the case involves (check one or more):

☒    Crime of violence (as defined in 18 U.S.C. § 3156(a)(4) which includes any felony under Chapter 77, 109A, 110 and 117);

☐    A violation of 18 U.S.C. § 1591;

Motion for Detention - 1

☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with maximum penalty of 10 years or more;

☐ Maximum penalty of life imprisonment or death;

☐ Drug offense with maximum penalty of 10 years or more;

☐ Felony, with two prior convictions in above categories;

☐ Felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as those terms are defined in 18 U.S.C. § 921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒ Serious risk Defendant will flee (as specified below); or

☒ Serious risk obstruction of justice (as specified below).

2.  <u>Reason for Detention</u>

The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure (check one or both):

☒ Defendant's appearance as required; or

☒ Safety of any other person and the community.

Motion for Detention - 2

3.     Rebuttable Presumption.

The United States

☐    will

☐    will not

invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

If the United States is invoking the presumption, it applies because there is probable cause to believe Defendant committed:

☐    Drug offense with maximum penalty of 10 years or more;

☐    An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐    An offense under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐    An offense under chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐    An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425;

☐    Other circumstances as defined in 18 U.S.C. § 3142(e)(2).

Motion for Detention - 3

4. <u>Time for Detention Hearing</u>

The United States requests that the Court conduct the detention hearing:

☐     At the first appearance, or

☒     After a continuance of three days.

5.     <u>No Contact Order</u>

The United States further requests, in addition to pretrial confinement, that Defendant be subject to the following condition:

Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

Dated: 6/20/2023

                                              Vanessa R. Waldref
                                              United States Attorney

                                              s/Todd M. Swensen

                                              Todd M. Swensen
                                              Assistant United States Attorney

Motion for Detention - 4