Nicholas W. Marchi
CARNEY & NARCHI, P.S.
7502 West Deschutes Place
Kennewick, WA 99336
(509)545-1055
Nmarchi@carmarlaw.com
Attorneys for Defendant
WAYLON JAKE NAPYER

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WAYLON JAKE NAPYER,<br><br>    Defendant | Case No. 1:22-CR-02076-MKD-1<br><br>DEFENDANT NAPYER'S SENTENCING MEMORANDUM |

The Defendant, WAYLON JAKE NAPYER, by and through his attorneys, Carney & Marchi, hereby, submits this Sentencing Memorandum to aid the Court in the determination of a just and fair sentence in the above referenced cause of action. Counsel for the Defendant received the Pre-sentence Investigation Report on September 13, 2024. The defendant has no objections to the Report.

## I. FACTS

On July 16, 2024, Mr. Napyer plead guilty to Count 1 of the superseding indictment charging him Misprision of a Felony in violation of 18U.S.C. §4. Part of the agreement with the

DEFENDANT'S SENTENCING MEMORANDUM - 1

government was that the Indictment in 1:23CR02045-MKD-1 would be dismissed at the time of sentencing. The parties also agree to recommend a sentence of 36 months.

United States Probation maintains that the Total Offense Level is 16 and the sentence range is 21-27 months. Mr. Napyer is requesting a sentence of 36 months. He is requesting that should the Court impose a custodial sentence of 36 months, that the Court also recommend RDAP and not impose a fine. He would further request that he be given credit for the time that he has been serving on this matter.

### III. ARGUMENT

#### A.    Guideline Range

United States Probation calculates Mr. Napyer's Total Offense Level at 16. Thus, his sentence range is 21-27 months. As noted as part of the plea agreement, Mr. Napyer has agreed to recommend a sentence of 36 months. Part of the consideration for this recommendation was the dismissal of 1:23CR02045-MKD-1.

#### B.    Reasonable Sentence

18 U.S.C. § 3553(a) lists the general purposes of sentencing and directs that the sentencing courts "shall consider" certain factors when imposing sentence. Among the factors listed are "the kinds of sentence and the sentencing range established" by the Guidelines. *United States v. Wilson*, Case No. 2:03-CR-0082, 2005 WL 78552, at 1 (D. Utah Jan. 13, 2005).

These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Mr. Napyer has accepted responsibility for his action. He knows what he did was wrong. Mr. Napyer would request a reasonable sentence of 36 months that is tied to his involvement in

DEFENDANT'S SENTENCING MEMORANDUM - 2

this matter.  A sentence as proposed by Mr. Napyer would reflect the serious nature of the offense and would be an adequate deterrence to future criminal activity.  Furthermore, it would serve the purpose of protecting the public.  It would be a reasonable sentence given the nature of the conviction and the history of Mr. Napyer.

This is Mr. Napyer's first felony conviction.  While he has had criminal issues in the past, it appears that most of those matters were dismissed.  Further, it is also clear that Mr. Napyer suffers from drug and alcohol addiction.  These addictions are aggravated due to Mr. Napyer's mental health issues. While these issues do not excuse his behavior in the instant action, they did influence Mr. Napyer at the time of the incident.

## IV.  CONCLUSION

For the reasons stated herein and based on Mr. Napyer's involvement in this matter as well as his acceptance of responsibility and based on the facts of the case at bar, it is respectfully requested that he be sentenced 36 months or any sentence the Court determines as reasonable.

Dated this 7th day of October 2024.

Respectfully submitted,<br>
*s/ Nicholas Marchi*<br>
Nicholas W. Marchi<br>
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of the Defendant's Sentencing Memorandum was emailed via ECF or mailed first class; postage prepaid on 10/7/2024 to T. Swenson, Assistant United States Attorney, P.O. Box 1494, Spokane WA 99210 and to United States Probation, Yakima WA.

*S/Nicholas Marchi*
CARNEY & MARCHI, P.S.
Attorneys for Defendant

DEFENDANT'S SENTENCING MEMORANDUM - 4